Appeal from City Court of New York, Trial Term.

Action by the Tonnele-Martin Realty Company against Elizabeth E. W. Adams. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Charles S. Foote, of New York City, for appellant.

Herrick, Breckinrridge & Carney, of New York City (Philip W. Carney, of counsel), for respondent.

LEHMAN, J. The plaintiff, a real estate broker, has recovered judgment against the defendant for commissions claimed to have been earned by procuring a person ready, willing, and able to lease certain premises upon the terms asked by the defendant. The proposed lease was never consummated. The plaintiff must therefore prove that at the time that defendant refused to proceed with the negotiations it had performed the duty assumed by him in bringing the parties together upon all the terms of a valid agreement and that the contract failed by reason of the fault of its employer.

The testimony produced was very meager, but, even if sufficient to raise a question of fact, the judgment should be reversed because of the erroneous admission of immaterial evidence which in my opinion was clearly prejudicial. An officer of the plaintiff company was permitted to testify that, after the lease had fallen through, he saw the agent who had charge of the renting of these premises, and one of the men in their office stated that efforts had been made by them and others several times in the past, and "they had always been unfruitful because the other parties in interest would not permit Mrs. Adams to make a lease." Conceding that this man was at the time an agent of the defendant for certain purposes, he was certainly not acting as her agent when he made this statement.

Judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.

---

A. W. BURRITT CO. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term.   May 27, 1912.)

CARRIERS (§ 93*)—DELIVERY OF FREIGHT WITHOUT PROPER AUTHORITY FROM CONSIGNEE—RATIFICATION BY CONSIGNEE.

A carrier receiving freight consigned by a straight nonnegotiable bill of lading to a consignee delivered the freight to a third person pursuant to an unauthorized order. Prior to the delivery the consignee had contracted to sell the freight to the third person, and, when he learned of the delivery, he sent the third person an invoice dated before the delivery. Subsequently, and with knowledge of the facts, the consignee paid the carrier the freight charges, and filed a mechanic's lien against

the third person and a claim for the value of the freight against him in the bankruptcy court. *Held*, that the consignee ratified the unauthorized delivery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 356–362; Dec. Dig. § 93.*]

Appeal from City Court of New York, Trial Term.

Action by the A. W. Burritt Company against the New York Central & Hudson River Railroad Company. From a judgment of the City Court of the City of New York for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Alexander S. Lyman, of New York City (William Mann, of New York City, of counsel), for appellant.

Phillips & Avery, of New York City (Edgar J. Phillips and Frank M. Avery, both of New York City, of counsel), for respondent.

LEHMAN, J. The defendant received a car load of lumber consigned by a straight nonnegotiable bill of lading to the plaintiff at New York. It failed to deliver this lumber to plaintiff, but delivered it to one W. G. Maher upon an order purporting to be signed: "A W. Burritt Company per J. T. O'N." This order was signed by J. T. O'Neill, an employé of Maher, but not of the plaintiff, and the jury's verdict has established that O'Neill had no authority from the plaintiff to bind it. It appears, however, that prior to this delivery the plaintiff had agreed to sell this car load of lumber to W. G. Maher, but had not sent him any invoice or memorandum of sale, as it was doubtful of his financial security. When it discovered that the lumber was actually delivered to Maher, it sent him an invoice, showing that the car load was sold to him. This invoice is dated August 1st before the delivery to Maher. Subsequently, and with knowledge of these facts, it paid the defendant by check its transportation charges, it filed a mechanic's lien against Maher, and it filed its claim for the value of the lumber against Maher in the bankruptcy court. The case was submitted to the jury upon the theory that defendant was liable to the plaintiff if it did not receive an order from the plaintiff to deliver the lumber to Maher, and that this evidence was admissible only upon the point whether the order to deliver the lumber was in fact made by authority from the plaintiff. There is no dispute, but that the defendant is as a matter of law relieved from liability, if in fact it delivered the lumber to the real owner entitled to its possession, even without the order of plaintiff, since the bill of lading was not negotiable. The subsequent acts of the plaintiff point so eloquently to a complete ratification of the delivery to Maher and show so completely that the plaintiff regarded Maher as the owner of the lumber that I do not think it possible, in spite of plaintiff's explanation, to hold that the plaintiff is entitled to recover upon this record.

*For other cases see same topic & § NUMBER in Dec..& Am. Digs. 1907 to date, & Rep'r Indexes

The exceptions to the charge and the requests to charge sufficiently pointed out this issue to the trial judge, and require a reversal of the judgment.

Judgment should be reversed and a new trial granted, with costs. to appellant to abide the event. All concur.

