LIPMAN REFRIGERATOR CO. *v.* THE BALTIMORE & OHIO
WAREHOUSE CO.

*Warehousemen—Action for value of merchandise delivered to
consignee without authority—Evidence—Bills by plaintiff
to consignee, order for merchandise and invoices, ad-
missible—Ratification of unauthorized delivery relieving
warehousemen or carrier—Full knowledge of situation
and intent by consignor necessary, when.*

1. In action to recover value of merchandise alleged to have
been delivered to consignee by warehouseman without
authority, evidence consisting of bills sent by plaintiff
to consignee and containing statement of its account and
of telegram containing order for merchandise and in-
voices for shipment *held* properly admitted.
2. In order that unauthorized delivery be held to have been
ratified by consignor so as to relieve carrier or ware-
houseman from liability therefor, it must appear that con-
signor, not only had full knowledge of situation, but that
there was intent on his part to ratify such unauthorized
delivery.

(Decided October 19, 1925.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Matthews & Matthews* and *Mr. Anthony
P. Conlon,* for plaintiff in error.
*Messrs. Waite, Schindel & Bayless* and *Mr. Her-
bert Shaffer,* for defendant in error.

BY THE COURT. This action was originally brought
in the municipal court of Cincinnati, where judg-
ment was rendered for the defendant, the Balti-

[1] Warehousemen, 40 Cyc. p. 474; [2] Carriers, 10 C. J.
§ 381; Warehousemen, 40 Cyc. p. 446.

more & Ohio Warehouse Company. On error to the court of common pleas, that judgment was affirmed. Error proceedings were then instituted in this court to reverse the judgment of the court of common pleas.

The action was to recover the value of a certain machine, which had been shipped C. O. D by the plaintiff company, via the Baltimore & Ohio Railroad Company, to the Smith Engineering Company of Cincinnati, Ohio. The shipment was not accepted, nor paid for on arrival, and was transferred to the Baltimore & Ohio Warehouse Company, the defendant, for storage.

The shipment was made on August 31, 1922. On or about November 3, 1922, the defendant company, by mistake, allowed the consignee to remove the said machine, without payment of the draft and charges, and without presentation of the bill of lading. The above facts are admitted.

The defendant, by amended answer, pleaded that the plaintiff ratified the defendant's act of delivery, and, further, that the consignee has fully reimbursed the plaintiff company for the value of the machine, and hence no damage has resulted to the plaintiff. Defendant, by cross-petition, also prayed for the recovery of freight, storage, and labor charges connected with said shipment.

Plaintiff's reply denied the matters set up in the answer and cross-petition.

The grounds of error alleged are that the court erred in the admission of evidence, and that the finding of the court, both as to payment and ratification, was contrary to the weight of the evidence.

The evidence which is claimed to have been

erroneously admitted consists of bills sent out on the letter head of the plaintiff company, directed to the Smith Engineering Company, and containing what purports to be a statement of its account. The other exhibits complained of are a telegram containing the order for the goods in question, the acknowledgment of the order, and the invoices for shipment made on such order.

We find there was no error in the admission of these exhibits, as all were in the ordinary course of business, and were with reference to the ordering of, the shipment of, and statement of account in regard to the item in dispute.

The payment of the account by the Smith Engineering Company to the plaintiff is averred as a defense, but from the record it does not appear that there was sufficient evidence to warrant the court in finding that this defense had been sustained.

It is conceded that unless payment had been made, or unless there was a ratification of the unauthorized delivery to the consignee, the defendant would be liable for the damage to the plaintiff.

The real question remaining is as to the plea of ratification; defendant claiming there was a ratification by plaintiff, with full knowledge of all the facts, basing its claim on certain items charged on the books of the plaintiff company, as shown by the invoices sent to the consignee, and also upon the fact that the plaintiff company did not make a claim against the defendant until long after the conversion.

The trial court found that the evidence sustained

the plea of ratification. The rule as to ratification is stated in 10 Corpus Juris, Section 381, p. 267:

"An unauthorized delivery may be ratified by the party entitled to delivery of the goods; and, where such delivery is ratified with a full knowledge of the facts, the carrier is thereby exempted from further liability. But, in order to release a carrier from liability for wrongful delivery on the ground of ratification, it must plainly appear that the ratification was intended, with full knowledge of all material facts. What constitutes a ratification depends on the facts of each particular case and may be shown by express words or implied from words, acts, or silence. The burden of showing ratification rests on the carrier. If the facts relating to ratification are in dispute, or if reasonable minds might draw different conclusions from the facts, the question of ratification is for the jury."

The correspondence of the plaintiff and defendant shows that both were endeavoring to have the consignee make payment to clear the situation.

In the case of *Kewanee Private Utilities Co.* v. *Norfolk Southern Rd. Co.,* 118 Va., 628, 640, 88 S. E., 95, it is stated that mere demand for payment has never been held to amount to ratification, for that is in the interest of both parties.

In *Atlantic Coast Line Rd. Co.* v. *Dahlberg Brokerage Co.,* 170 Ala., 617, 54 So., 168, proposition 9 of the syllabus reads:

"The fact that the consignor presented the draft to the buyer of the goods after the carrier delivered the goods to the buyer, without the production of the bill of lading, is not conclusive evidence of the ratification of the delivery by the consignor."

In the case of *Kewanee Utilities Co.* v. *Norfolk*

*Southern Rd. Co., supra,* paragraph 3 of the syllabus reads: "In order to release a common carrier from an admittedly wrongful act upon the ground that the person injured thereby has condoned and ratified it, it should plainly appear that the ratification was intended and took place with full knowledge on the part of those to be affected thereby of all the material facts."

In 1 Moore on Carriers (2d Ed.), p. 272, we find: "Where the carrier delivers goods to the wrong person, the fact that the owner receives payment from such person for a portion of the goods does not constitute a waiver of his claim against the carrier for the balance, if he does not intend such waiver."

See, also, *Lester v. Delaware, L. & W. Rd. Co.,* 92 Hun, 342, 36 N. Y., 907.

So that it appears from these authorities that there must be, not only full knowledge of the situation, but an intent on the part of the consignor to ratify the unauthorized delivery, in order to relieve the carrier from liability therefor.

We find from an examination of the record that the finding of the trial court that the defense of ratification had been sustained, and the judgment rendered in accordance therewith, are manifestly against the weight of the evidence. As the case will have to be retried, we do not comment further upon the evidence.

*Judgment reversed, and cause remanded.*

BUCHWALTER, P. J., HAMILTON and CUSHING, JJ., concur.