IOWA BEEF PROCESSORS, INC., a Delaware corporation, Plaintiff-Appellee,

v.

GRAND TRUNK WESTERN RAILROAD COMPANY, a Michigan corporation, Defendant-Appellant.

No. 73–1914.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 15, 1974.

Decided March 28, 1974.

Charles R. Hrdlicka, Detroit, Mich., for appellant; Frank G. Proctor, Detroit, Mich., on brief.

Irving Harris, Cincinnati, Ohio, Cors, Hair & Hartsock, Cincinnati, Ohio, Jack C. Radcliffe, Jr., Dahlberg, Mallender & Gawne, Detroit, Mich., Eugene D. Anderson, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

The district court granted summary judgment in favor of the plantiff for the full amount sought in the complaint. The plaintiff shipped carloads of beef with the defendant Grand Trunk Western Railroad Company on order bills of lading. Delivery was to be made to Great Markwestern Packing Co. upon surrender of the bills of lading, but in each instance defendant delivered the cargo to Great Markwestern without surrender of the bills of lading. The bills of lading were held by Bank of the Commonwealth as agent of the plantiff who would have surrendered the bills of lading to Great Markwestern upon receipt of payment for the goods shipped. Markwestern never paid for the goods which were shipped by the plaintiff under these bills of lading, and the bills of lading were never delivered to it. Two theories were presented in the complaint: (1) That defendant violated the terms of the order bills of lading and

plaintiff is entitled to recover under 49 U.S.C. § 20(11), the Carmack Amendment to the Interstate Commerce Act and 49 U.S.C. §§ 81–124, the Uniform Bills of Lading Act; and (2) that defendant breached a common law contract for delivery of goods according to the terms of order bills of lading.

We quote from the conclusions of law contained in the memorandum opinion entered in the district court by District Judge Ralph Freeman:

> There is no dispute over the fact that the bills of lading required the defendant to obtain the bills prior to delivery of the shipment to Great Markwestern and that failure to do so subjects defendant to liability. Thus in Pere Marquette Railway Company v. J. F. French & Company, 254 U.S. 538 [41 S.Ct. 195, 65 L.Ed. 391] (1921), the Supreme Court said, "Where the failure to require the presentation and surrender of the bill [of lading] is the cause of the shipper losing his goods, a delivery without requiring it constitutes a conversion."

> In defense defendant asserts that its surrender of the goods without receipt of the bill of lading by Markwestern was customary for more than a year prior to the losses in question. In addition defendant asserts that plaintiffs knew of this custom and did not object and should be estopped from objecting to the application of the custom to the shipments in question. From the case law it appears that conditions in bills of lading can be altered by a course of conduct between the parties in question.

> The court then found that the plaintiff had knowledge of defendant's practice of delivering beef to Great Markwestern without receiving the order bills of lading. It determined, however, that the critical issue was how plaintiff reacted to this knowledge, since the defendant essentially relied upon estoppel. Upon examination of the affidavit submitted by the plaintiff and the counter affida-vit of the defendant, the court concluded as follows:

> > From these affidavits it is clear that plaintiff Iowa Beef knew about defendant's practice and notified defendant of its objections. Nothing in plaintiff's actions could be interpreted as approval of defendant's action. The mere fact that plaintiff continued to deal with defendant does not constitute ratification. Under these circumstances plaintiff is not estopped under defendant's theory. Thus, Iowa Beef's motion for summary judgment must be granted since defendant admits that it breached the condition of the bill of lading and since defendant's estoppel argument is not supported by its own affidavit.

> In a motion for reconsideration the defendant brought to the court's attention the fact that plaintiff had filed a claim in the bankruptcy proceedings of Great Markwestern seeking the same amount of money as a secured creditor of Great Markwestern. It was contended by the defendant that plaintiff would necessarily be required to ratify the delivery of the beef to Great Markwestern in order to have standing as a creditor in bankruptcy. It was further contended plaintiff had made an election to pursue its remedies against Great Markwestern and that this precluded further action against the defendant. The position of the plaintiff was that the filing of a claim in bankruptcy did not create a question of fact in the pending action and that the only issue on the motion for reconsideration was one of law: Does the filing of a claim in bankruptcy preclude proceeding in this action? The court found no ratification and held that there was no applicable doctrine of election which precluded the plaintiff from proceeding in two different forums to recover for the same claim. We affirm.

The defendant has cited cases for the proposition that a shipper's conduct may ratify misdeliveries and absolve a carrier from liability under the Carmack

Amendment, e. g., City National Bank v. El Paso & N. E. R. R., 262 U.S. 695, 43 S.Ct. 640, 67 L.Ed. 1184 (1923), and Judge Freeman so held. Cases cited by the plaintiff in which the shipper had no knowledge of the carrier's practice are not in point. See North Pennsylvania R. R. v. Commercial Bank of Chicago, 123 U.S. 727, 8 S.Ct. 266, 31 L.Ed. 287 (1887); Pennsylvania R. R. v. Brown, 111 F.2d 983 (6th Cir. 1940). A shipper may also be precluded from recovery for breach of contract or conversion if its conduct manifests a ratification of past departures from the terms of the agreements for carriage. A. D. Blowers & Co. v. Canadian Pac. Ry. Co., 155 F. 935 (C.C.W.D.Wash.1907). Thus if the defendant could show ratification by the plaintiff of past departures from the terms of bills of lading it would present a valid defense to both theories under which the plaintiff brought this action. However, the question before the court on this appeal is whether the pleadings and affidavits created a genuine issue of material fact as to ratification. Rule 56, Fed.R.Civ.P.

The defendant cites A. W. Burritt Co. v. New York Central & H. R. R. Co., 76 Misc. 520, 135 N.Y.S. 557 (1912), for the proposition that subsequent payment of transportation charges and filing of a claim in bankruptcy against the person who received a shipment constitutes ratification of misdelivery. The case is entirely different from the present one on its facts. *Burritt* involved a straight bill of lading, not an order bill. Furthermore, when the shipper learned of the misdelivery, it sent an invoice for the shipment to the receiver and dated it prior to the delivery. Since a non-negotiable straight bill of lading was involved, shipment to the owner entitled to possession would have relieved the railroad of liability even without directions from the shipper. Under the circumstances of that case, the shipper indicated that it regarded the receiver as the owner, and this was evidence of ratification of the misdelivery. In the present case a negotiable order bill of lading was used for the very purpose of preventing delivery to anyone without payment and notification. Furthermore, the transportation charges were paid prior to delivery to Great Markwestern, and it was never treated as owner by the plaintiff.

Defendant cites Lipman Refrigerator Co. v. Baltimore & Ohio Warehouse Co., 20 Ohio App. 523, 152 N.E. 686 (1925) for the holding that the question of ratification is for the jury. There the shipper delayed making a claim against the railroad until long after the conversion, and meanwhile sought payment from the receiver of the shipment. A judgment for the railroad was reversed as being against the weight of the evidence. The court held that a mere demand for payment from the receiver of goods "has never been held to amount to ratification. . . ." 152 N.E. at 687. In Schaefer, Inc. v. Minneapolis, N. & S. Ry. Co., 254 Minn. 248, 94 N.W.2d 551 (1959), it was held that ratification of a misdelivery could not be based on the fact that the shipper continued to do business with the receiver of goods wrongfully delivered so long as the shipper continued to assert its right to be paid for the wrongfully delivered shipment.

■ The claim in bankruptcy in the present case was filed after the present suit and there was no inconsistency in the two actions of the plaintiff. The theory of conversion underlay both. In neither action did the plaintiff treat Great Markwestern as the lawful owner of the shipments. In order to preserve this position in the bankruptcy proceedings it was necessary that a claim be filed. This was nothing more than a continuation of its efforts to be paid for the shipments which were misdelivered. Plaintiff did not, as a matter of law, abandon its right to proceed against the defendant by also taking the precautionary step of filing a claim against Great Markwestern in bankruptcy. Cf. Greyvan Lines, Inc. v. Nesmith, 50 A.2d 434 (Mun.Ct.D.C.1946). Of course, the affirmance of the present action is without prejudice to any remedy which

Grand Trunk may have in the event of a recovery by Iowa Beef Processors in the bankruptcy proceedings.

The judgment of the district court is affirmed.